Patricia W. Christensen (0645)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 257-7908
E-mail: pchristensen@parrbrown.com

Paul G. Karlsgodt (*pro hac vice*)
BAKER & HOSTETLER LLP (CO)
1801 California Street
Denver, CO 80202
Telephone: (303) 764-4032
pkarlsgodt@bakerlaw.com
*Attorneys for Defendant Hosting*
*Services, Inc. a/k/a 100TB.com*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| XAT.COM LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>HOSTING SERVICES, INC. A/K/A 100TB.COM,<br><br>Defendant. | **DEFENDANT HOSTING SERVICES, INC. A/K/A 100TB.COM'S ANSWER TO THE COMPLAINT**<br><br>Case No. 1:16-cv-00092<br><br>Honorable Paul M. Warner |

Defendant Hosting Services, Inc. a/k/a 100TB.com ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff Xat.com Limited ("Plaintiff"), and in support thereof states the following, in correspondingly numbered paragraphs:

### GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendant denies each and every allegation of the Complaint not specifically admitted in this Answer.

## SPECIFIC RESPONSES TO "PARTIES, JURISDICTION AND VENUE"

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

## SPECIFIC RESPONSES TO "FACTUAL ALLEGATIONS"

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15, and affirmatively states that under Paragraph 9 of the Master Service Agreement, Defendant agreed to indemnify and hold Plaintiff harmless from any and all third party actions, liability, damages, and costs and expenses, including attorneys' fees, arising from, or relating to, personal injury or property damage resulting *solely* from Defendant's gross negligence or willful misconduct.

16. Defendant admits the allegations in paragraph 16, except denies that on January 8, 2015 Plaintiff warned Defendant that an unknown third party appeared to be using "social engineering" to con Defendant's employees into changing the password to Plaintiff's servers.

17. Defendant admits the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21, except admits that Defendant changed the password for one of Plaintiff's servers to a password specified by an unknown party.

22. Defendant admits the allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23, except denies that Defendant's request that Plaintiff implement the Sender Policy Framework was based on the assumption that Plaintiff's email had been compromised.

24. Defendant denies the allegations in paragraph 24, and affirmatively states that Defendant advised Plaintiff to disable ticket creations via email and remove the email on file with Defendant, but Plaintiff did not respond. Defendant affirmatively states that had Plaintiff followed these suggestions, the cyberattacks could have been prevented.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Defendant admits the allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30, but affirmatively states that the First Cyberattack could have been prevented had Plaintiff adhered to Defendant's suggestion to disable ticket creations via email and remove the email on file with Defendant as specified in paragraph 24.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32, except denies the characterization of the request referenced therein.

33. Defendant admits the allegations in paragraph 33, except denies that Plaintiff requested that Defendant verify Plaintiff's servers were secured. Defendant affirmatively states that under the Master Service Agreement, Defendant had no obligation to back up Plaintiff's data.

34. Defendant denies the allegations in paragraph 34, and affirmatively states that Defendant powered down Plaintiff's servers on November 4, 2015 and sent Plaintiff notification of same.

35. Defendant denies the allegation in paragraph 35 that it "did not power-down at least three of Xat's servers after the First Cyberattack." Defendant affirmatively states that Plaintiff never responded to Defendant's notification that it had powered down Plaintiff's servers or confirmed that any servers remained online until November 6, 2015, when Plaintiff notified Defendant that two servers remained online. Plaintiff also notified Defendant on November 8, 2015 that one more server remained online.

Defendant also denies the allegation in Paragraph 35 that it "did not turn on two-factor authentication," as this is something that can only be accomplished by Plaintiff. In fact, on

4

November 12, 2015, Defendant notified Plaintiff that Plaintiff would need to re-enable two-factor authentication, but Plaintiff refused to do so.

Defendant also denies the allegation in Paragraph 35 that it "did not backup the data on the Xat servers." Defendant affirmatively states that under the Master Service Agreement, Defendant had no obligation to back up Plaintiff's data.

36. Defendant admits the allegations in paragraph 36, and affirmatively states that the attacker was able infiltrate Plaintiff's servers by using the last four digits of the credit card on Plaintiff's file, which Plaintiff failed to change following the First Cyberattack. Defendant affirmatively states that had Plaintiff changed the credit card on file, the Second Cyberattack could have been prevented.

37. Defendant admits the allegations in paragraph 37, and affirmatively states that the attacker was able infiltrate Plaintiff's servers by using the last four digits of the credit card on Plaintiff's file, which Plaintiff failed to change following the First Cyberattack. Defendant affirmatively states that had Plaintiff changed the credit card on file, the Second Cyberattack could have been prevented.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

**FIRST CAUSE OF ACTION (GROSS NEGLIGENCE)**

40. Defendant incorporates its responses above as if fully set forth herein.

41. Paragraph 41 sets forth legal conclusions to which no response is required. To the extent there are factual allegations in paragraph 41, those allegations are denied.

42. Paragraph 42 sets forth legal conclusions to which no response is required. To the extent there are factual allegations in paragraph 42, those allegations are denied.

43. Paragraph 43 sets forth legal conclusions to which no response is required. To the extent there are factual allegations in paragraph 43, those allegations are denied.

44. Paragraph 44 sets forth legal conclusions to which no response is required.

45. Paragraph 45 sets forth legal conclusions to which no response is required.

46. Paragraph 46 sets forth legal conclusions to which no response is required.

47. Paragraph 47 sets forth legal conclusions to which no response is required.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

## SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

49. Defendant incorporates its responses above as if fully set forth herein.

50. Paragraph 50 sets forth legal conclusions to which no response is required.

51. Paragraph 51 sets forth legal conclusions to which no response is required.

52. Paragraph 52 sets forth legal conclusions to which no response is required.

53. Paragraph 53 sets forth legal conclusions to which no response is required.

54. Paragraph 54 sets forth legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION (UNJUST ENRICHMENT)

55. Defendant incorporates its responses above as if fully set forth herein.

56. Paragraph 56 sets forth legal conclusions to which no response is required.

57. Paragraph 57 sets forth legal conclusions to which no response is required.

58. Paragraph 58 sets forth legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION (EQUITABLE INDEMNIFICATION)

59. Defendant incorporates its responses above as if fully set forth herein.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61. Paragraph 61 sets forth legal conclusions to which no response is required.

62. Paragraph 62 sets forth legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted, and the First and Third Causes of Action have already been dismissed.

### SECOND DEFENSE

Pursuant to Section 11 of the Master Service Agreement, Plaintiff is contractually barred from seeking lost profits, loss of business, loss of revenues, loss of data or interruption or corruption of data, any consequential or indirect damages, or any incidental, special, reliance, exemplary or punitive damages.

### THIRD DEFENSE

Pursuant to Section 11 of the Master Service Agreement, Plaintiff is contractually barred from recovering damages in excess of one month's fees actually received by Defendant during the month prior to Defendant's claim.

### FOURTH DEFENSE

Plaintiffs' claims are moot and barred under the doctrine of accord and satisfaction because Defendant has already paid an amount into the registry of the court equivalent to the maximum recovery to which Plaintiff is allowed by contract.

### FIFTH DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid any damage it allegedly sustained, and recovery against Defendant, if any, must be reduced by that amount.

**SIXTH DEFENSE**

To the extent Plaintiff suffered any damages, those damages were due to its own fault, including but not limited to its failure to disable ticket creations via email and remove the email and credit card on file with Defendant.

**SEVENTH DEFENSE**

Plaintiffs' own negligence in failing to protect against the intrusion despite having knowledge of the risks and in failing to back up its own data, was a superseding and intervening cause of its damages.

**EIGHTH DEFENSE**

By knowingly and voluntarily entering into the Master Service Agreement, Plaintiff has waived any and all claims for damages above the equivalent of one (1) month's fees actually received by Defendant during the month prior to Defendant's claim.

**NINTH DEFENSE**

Plaintiff was contributorily and comparatively negligent in failing to take adequate steps to avoid injury arising from the data breach.

**TENTH DEFENSE**

By agreeing to the terms of the Master Service Agreement, plaintiff assumed the risk of injury arising from any loss of data or corruption of the data being stored on servers hosted by Defendant.

**ELEVENTH DEFENSE**

Plaintiffs' claim that it should be entitled to recover damages in excess of the damages allowable under the plain language of the Master Services Agreement fails for want of consideration.

## **COUNTERCLAIM FOR ATTORNEYS' FEES AND COSTS**

Section 17.c. of the Master Service Agreement states that "[i]n any action or suit to enforce any right or remedy under this MSA or to interpret any provision of this MSA, the prevailing party will be entitled to recover its reasonable attorneys' fees, costs and other expenses." Defendant seeks payment of its fees and legal expenses incurred in defending this action pursuant to that provision.

**WHEREFORE**, having fully answered Plaintiff's Complaint and asserted its defenses, Defendant respectfully asks this Court to dismiss all of Plaintiff's remaining claims and award Defendant the costs of this action, including interest and attorneys' fees, and to grant any other relief that this Court deems just and proper.

DATED: February 16, 2017         BAKER & HOSTETLER LLP (CO)

By:    */s/ Paul Karlsgodt*
       Paul G. Karlsgodt (*pro hac vice*)
       1801 California Street, Suite 4400
       Denver, CO 80202
       Telephone: (303) 861-0600
       rhellbusch@bakerlaw.com
       pkarlsgodt@bakerlaw.com

       PARR BROWN GEE & LOVELESS
       Patricia W. Christensen (0645)
       101 South 200 East, Suite 700
       Salt Lake City, Utah 84111
       Telephone: (801) 257-7908
       E-mail: pchristensen@parrbrown.com

       *Attorneys for Defendant Hosting
       Services, Inc. a/k/a 100TB.com*

## CERTIFICATE SERVICE

I hereby certify that on the 16th day of February 2017, I caused a true and correct copy of the foregoing **DEFENDANT HOSTING SERVICES, INC. A/K/A 100TB.COM'S ANSWER TO THE COMPLAINT** to be served by CM/ECF on the following:

>Romaine C. Marshall
>Engels J. Tejeda
>HOLLAND & HART LLP
>222 South Main Street, Suite 2200
>Salt Lake City, Utah 84101
>Attorneys for Plaintiff XAT.com

/s/ Paul Karlsgodt