David L. Mortensen (#8242)
David.Mortensen@stoel.com
Jordan C. Bledsoe (#15545)
Jordan.Bledsoe@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff Xat.com Limited*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XAT.COM LIMITED,<br><br>   Plaintiff,<br><br>v.<br><br>HOSTING SERVICES, INC. A/K/A 100TB.COM,<br><br>   Defendant. | **XAT.COM LIMITED'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 1:16-cv-00092<br><br>Chief Magistrate Judge Paul M. Warner<br><br>Mediator: Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiff Xat.com Limited ("Xat") hereby moves the Court for leave to file its First Amended Complaint in the form attached as Exhibit A.

## INTRODUCTION

This case is about defendant Hosting Services, Inc. a/k/a 100TB ("100TB") (a company whose job is to securely host its customers' servers) repeatedly giving unauthorized individuals access Xat's servers, allowing those individuals to obtain Xat's customers' information; delete data, databases, and source code; and access and erase system log files.

In 2008, Xat—a social-media company located in the United Kingdom—retained 100TB to host its servers.  In 2015, unauthorized individuals began attempting to access Xat's servers by using 100TB's online chat support system to obtain the passwords to Xat's account.  Despite being aware of these attempts, in February 2015, 100TB employees disclosed Xat's password and account information to an unauthorized individual, in contravention of 100TB's policies. Xat subsequently requested that 100TB implement additional security measures such as two-factor authentication and an email-validation system.  After these measures were implemented, individuals continued trying to access Xat's account and servers through 100TB's chat system.  Notwithstanding the additional security

measures implemented by 100TB, on November 4, 2015, 100TB employees improperly disclosed Xat's information to unauthorized individuals, allowing those individuals to disable the security measures and access Xat's account and servers. Xat immediately notified 100TB of the unauthorized access and requested that 100TB shut down and back up the servers until it could be verified that the servers were secure. 100TB failed to follow Xat's instructions and only three days later, on November 7, allowed unauthorized individuals to again access Xat's account and servers. These unauthorized individuals accessed Xat's proprietary log files, databases and source code, and erased system log files, causing significant harm to Xat.

Xat brought suit against 100TB in June 2016 as a result of these cyberattacks. 100TB subsequently moved to dismiss the suit, which was granted in part and denied in part. Shortly after the Court's ruling on the motion to dismiss, 100TB moved for summary judgment, which if granted would have disposed of the case. As a result, the parties elected to conduct only limited written discovery while the motion for summary judgment was pending. The Court issued its ruling denying the motion in March 2018. At the time of the Court's ruling, the fact-discovery and expert-discovery deadlines had expired. Accordingly, the

parties recently moved the Court to extend the discovery deadlines.[1] *See* Dkt. Nos. 77 and 78.

Xat now seeks to amend its Complaint to conform to the evidence in the case. Xat obtained new counsel on July 23, 2018. *See* Dkt. No. 66. In reviewing the evidence in the case, Xat's new counsel has determined that Xat's Complaint should be amended to add a cause of action for breach of the duty of good faith and fair dealing and to conform to the evidence in the case.

## **RELIEF SOUGHT AND GROUNDS THEREFOR**

Xat seeks to amend its Complaint to add a cause of action for breach of the implied covenant of good faith and fair dealing, to remove the causes of action that the Court previously dismissed, and to amend miscellaneous allegations to conform to the evidence in this case.

There is good cause for granting Xat's motion. First, discovery is in the early stages. The parties have propounded limited written discovery and have not yet taken depositions, and the parties have moved to amend the scheduling order to allow for additional time to complete fact discovery. *See* Dkt. Nos. 77 and 78.

---

[1] Although the parties agree that the fact-discovery and expert-discovery deadlines should be extended, the parties disagree about when those deadlines should be. *See* Dkt. Nos. 77 and 78. The parties have, therefore, submitted competing scheduling orders. *See id.* Pursuant to Xat's proposed amended scheduling order, the deadline to amend the parties' pleadings is October 5, 2018. *See id.*

And the deadline for moving to amend the pleadings set forth in Xat's proposed schedule has not yet expired.  *See* Dkt. No. 78.  Second, Xat brings this motion in good faith, soon after its new counsel discovered the Complaint should be amended to conform to the evidence in the case.  Third, 100TB will not be prejudiced by Xat's amendment because the parties' proposed case schedules provide ample time for 100TB to prepare defenses to Xat's new claim and allegations, and Xat's new claim for breach of the covenant of good faith and fair dealing relies on many of the same facts as its breach of contract claim.  Further, Xat's amended fact allegations originate from the facts contained in its current Complaint.  A redline version showing the proposed amendments to Xat's Complaint is attached as Exhibit B.  Third, Xat's claim is not futile as Xat has pled the elements of the new claim with factual allegations establishing those elements.  Xat's motion should be granted.

# ARGUMENT

## I.   XAT SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT.

### A.   Standard for Leave to Amend under Federal Rule of Civil Procedure 15(a)(2).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court and the Tenth Circuit Court of Appeals have stated that the mandate of Rule 15(a) "is to be heeded," and that leave to amend should be denied only if the Court finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182). As noted by the Tenth Circuit, the "purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

None of the factors enumerated by the United States Supreme Court and Tenth Circuit would warrant denial of Xat's proposed amendment.

### B.     Xat's Motion is Timely.

Xat's motion for leave to amend is timely.  Discovery is in the early stages.  The parties have not yet taken depositions and have propounded limited written discovery, and the parties have moved to amend the existing scheduling order to extend the fact-discovery cutoff.  Moreover, Xat filed its amendment prior to the deadline for moving to amend the pleadings set forth in Xat's proposed schedule.[2]  *See* Dkt. No. 78.  100TB will have more than adequate opportunity to address Xat's additional claim and fact allegations through discovery.

### C.     Xat's Motion is Brought in Good Faith.

Xat seeks this amendment in good faith and without dilatory motive.  In the Tenth Circuit, delay in amending a complaint is not "undue" unless there is no reasonable explanation.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206-07 (10th Cir. 2006).  Here, Xat moved to amend shortly after its new counsel discovered the allegations in the Complaint were inconsistent with evidence in the case.

---

[2] 100TB has proposed a significantly compressed amended scheduling order.  *See* Dkt. No. 77 at Exhibit A.  The deadline for amending pleadings in 100TB's proposed amended schedule was September 17, 2018.  *See id.*

### D. 100TB Will Not Suffer Undue Prejudice as a Result of the Amendment.

100TB cannot claim prejudice—much less undue prejudice—if Xat is granted leave to file its amended complaint. Generally, an amendment is prejudicial only when the amendment unfairly affects parties "in terms of preparing a defense to the amendment." *See Minter*, 451 F.3d at 1208; *see also U.S. v. Badger*, No. 2:10cv935, 2013 WL 1309165, at *2 (D. Utah Mar. 31, 2013) (unpublished).

Here, 100TB cannot claim that the amendment will unfairly affect its defense. The cause of action for breach of the implied covenant of good faith and fair dealing Xat seeks to add is closely related to Xat's claim for breach of contract and relies upon many of the same facts. The amended fact allegations simply conform to the evidence in the case. Xat's primary changes to its allegations are to clarify that Xat never "executed" the 2014 master services agreement referenced in the Complaint, and that the terms of the master services agreement were not negotiated but were instead unilaterally drafted by 100TB. Thus, allowing Xat to amend its Complaint to conform to the evidence will not prejudice 100TB. *See Yudin v. University of Utah*, No. 2:13-CV-01063, 2014 WL 2615842, at *2 (D. Utah June 12, 2014) (unpublished) (concluding that an amendment was not unfairly prejudicial where it stemmed "from the same facts" and where, even if it

contained "more detail, such detail serves to properly frame and clarify the relevant legal issues"); *Green Constr. Co. v. Black & Veach Eng'rs & Architects*, No. 89-2291-0, 1990 WL 58780, at *2 (D. Kan. Apr. 19, 1990) (unpublished) (granting the plaintiffs' motion to amend where the "plaintiff's proposed amendments are designed simply to clarify the factual bases for the various claims").

E.  **Xat's Proposed Amendment is Not Futile.**

Xat's proposed amendment is not futile. As set forth in its First Amended Complaint, Xat has pled the required elements for breach of the implied covenant of good faith and fair dealing and has included factual allegations establishing those elements. *See* First Amend. Compl., Ex. A.

To plead a claim for breach of the implied covenant of good faith and fair dealing, Xat must allege facts sufficient to demonstrate the existence of an implied promise arising under, but separate from, the express terms of the contract; that 100TB has breached that implied promise by acting in a manner sufficiently inconsistent with the implied promise and Xat's justified expectations under it; and that 100TB's failure to do so has injured Xat's right to receive the fruits of the contract. *See A.I. Transp., Div. of Ins. Co. of State of Pa. v. Imperial Premimum Fin., Inc.*, 862 F. Supp. 345, 348 (D. Utah 1994). Xat has done so. Xat has alleged facts that 100TB generally represented that security and safeguarding its clients'

content was an important feature of their service, and that an implied promise to safeguard Xat's content and servers was a common purpose undergirding the parties' relationship as well as the MSA; that 100TB breached the implied promise to safeguard Xat's content and servers when it facilitated the improper access of Xat's content and servers by unauthorized parties; and that Xat has suffered injury thereby.  *See* First Amend. Compl. ¶¶ 65–72, Ex. A.

## CONCLUSION

For the foregoing reasons, Xat respectfully requests that the Court grant its motion for leave to file its First Amended Complaint.

DATED:  October 5, 2018

STOEL RIVES LLP


/s/ *Jordan C. Bledsoe*
David L. Mortensen
Jordan C. Bledsoe

*Attorneys for Plaintiff Xat.com Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, I caused a true and correct copy of the foregoing to be served by CM/ECF and electronic mail to:

Patricia W. Christensen
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
pchristensen@parrbrown.com

David M. McMillan
Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street
Denver, Co 80202
dmcmillan@bakerlaw.com
pkarlsgodt@bakerlaw.com

/s/ *Robin Noss*