David L. Mortensen (#8242)
David.Mortensen@stoel.com
Jordan C. Bledsoe (#15545)
Jordan.Bledsoe@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff Xat.com Limited*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XAT.COM LIMITED,<br><br>   Plaintiff,<br><br>v.<br><br>HOSTING SERVICES, INC. A/K/A 100TB.COM,<br><br>   Defendant. | **MOTION FOR DETERMINATION OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 1:16-cv-00092<br><br>Chief Magistrate Judge Paul M. Warner<br><br>Mediator: Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1, plaintiff Xat.com Limited ("Xat") respectfully submits this Motion for Determination of Subject-Matter Jurisdiction.

## **RELIEF SOUGHT AND GROUNDS THEREFOR**

Xat requests that the Court determine whether it has subject-matter jurisdiction over this matter. Xat filed this case in this Court based on diversity jurisdiction because it believed that there was complete diversity between it and defendant Hosting Services, Inc. a/k/a 100TB.com ("100TB"). Xat is a company incorporated and having its principal place of business in the United Kingdom. And, when it filed the Complaint, Xat believed that 100TB was a Delaware corporation with its principal place of business in Utah.

Recently, however, Xat has learned that 100TB's principal place of business may be (and might have been at the time the Complaint was filed) in the United Kingdom. If that is true, the parties would not be diverse pursuant to 28 U.S.C. § 1332(a) and this Court would not have jurisdiction.

Xat is aware that the United States Court of Appeals for the Tenth Circuit has, in recent years, demonstrated a willingness to address this issue *sua sponte* even after the district court reaches a decision on the merits. This included cases that had been resolved on the merits in federal district court. With this concern in mind, Xat requests that the Court resolve whether the parties are diverse under § 1332(a) before proceeding further with this litigation.

# BACKGROUND

**Pleadings Regarding 100TB's Principal Place of Business**

1. Xat filed its Complaint on June 28, 2016. *See* Dkt. No. 2. Based on the information available to it at the time, Xat alleged that 100TB was a Delaware corporation with its principal place of business in Providence, Utah. *See* Compl. ¶ 2.

2. On February 16, 2017, 100TB filed its Answer to the Complaint. *See* Dkt. No. 31. In its Answer, 100TB admitted that it was a Delaware corporation with its principal place of business in Providence, Utah. *See* Answer ¶ 2.

**100TB's Officers and Directors**

3. Based on public filings, it now appears that as of June 28, 2016, the date that Xat filed its complaint, 100TB's officers and directors were:

- John Morris -- president
- Adam Kilgour -- vice president and treasurer;
- Christopher Matue -- vice president; and
- Eileen Campbell -- an officer.

*See* 12/06/12 Summary of Online Changes, Utah Department of Commerce, Ex. A; 10/29/2015 Summary of Online Changes, Utah Department of Commerce, Ex. B[1]; 01/26/18 Summary of Online Changes, Utah Department of Commerce, Ex. C.[2]

4. The public filings 100TB made with the State of Utah state that the address for each of the officers and directors was 517 West 100 North, Suite 225, Providence, Utah 84332. *See* Exs. A & C. That, however, does not appear to be the case.

5. It appears that from June 2015 to August 2017, Mr. Morris (100TB's president) was the CEO of UK2 Group—100TB's parent company. *See* Morris LinkedIn profile, Ex. D. On his LinkedIn profile, Mr. Morris claims that he oversaw the daily operations of a company located in Logan, Utah, and lists his residence as Peterborough, United Kingdom. *See id.*

6. Moreover, after the litigation was filed, Mr. Morris emailed Xat's founder and managing director, Chris Hart, regarding settlement of the parties' dispute. *See* April 18, 2017 email exchange between John Morris and Chris Hart, Ex. E. In his email, Mr. Morris represented that he was the "CEO at UK2 Group,

---

[1] While Mr. Hunsaker was identified as the Registered Agent on the public filing, it appears that he left 100TB to work for Visa in or around December 2015. *See* Hunsaker LinkedIn Profile, attached as Exhibit F.

[2] Apparently, 100TB did not submit any changes to the Utah Department of Commerce regarding its registered principles in 2016 or 2017.

which manages Hosting Services Inc." *Id.*  Mr. Morris's email also stated that he was "in the US at the moment" and invited Mr. Hart to call Mr. Morris's mobile phone number, which was a United Kingdom phone number.  *See id.*

7.      Similarly, it appears that from August 2011 to November 2017, Mr. Kilgour (100TB's vice president and treasurer) was the CFO of UK2 Group.  *See* Kilgore LinkedIn profile, Ex. G.  Mr. Kilgour is also identified as residing in London, United Kingdom.  *See id.*

8.      Unlike Mr. Morris and Mr. Kilgour, it appears that Mr. Matue (a Vice president) and Ms. Campbell (an officer) were actually located in Utah.  *See* Matue LinkedIn profile, Ex. H; Campbell LinkedIn profile, Ex. I.

9.      Thus, it appears that when Xat filed its Complaint, 100TB's president and its vice president and treasurer were overseeing its daily operations from London, United Kingdom.

10.     Additionally, it appears that 100TB's general counsel when the Complaint was filed was Jasminka Suzic.  *See* Privilege Logs, attached as Ex. J.  It also appears that Ms. Suzic was an attorney registered to practice and located in the United Kingdom.  *See* print out from http://solicitors.lawsociety.org, Ex. K.

**100TB's Representatives with Full Settlement Authority**

11.     Additionally, Xat has been informed that Mr. Morris and Mark Foster will be traveling from the United Kingdom to attend the mediation and will have full settlement authority on behalf of 100TB to settle Xat's claims.  *See* Declaration of Jordan C. Bledsoe in Support of Motion for Determination of Jurisdiction ("Bledsoe Decl."), Ex. L.

12.     Mr. Foster's LinkedIn profile states that he has been the legal director for The Hut Group from January 2012 to the present.  *See* Foster LinkedIn profile, Ex. M.  Mr. Foster's profile also states he is located in the United Kingdom.  *Id.*

13.     Both Mr. Morris and Mr. Foster appear to work out of UK2 Group's and The Hut Group's offices, located in the United Kingdom.  *See id.*; Morris LinkedIn profile, Ex. D.

**Location of Offices from Which 100TB's Operations Were Controlled**

14.     100TB appears to have offices located at 517 West 100 North, Suite 225, Providence, Utah  84332.  *See* Exs. A & C.

15.     The UK2 Group, 100TB's parent corporation, appears to have its headquarters in the United Kingdom.  *See* Printout from https://www.uk2group.com/, Ex. N (identifying UK2's registered address as 5th

Floor, Voyager House, Chicago Avenue, Manchester Airport M90 3DQ, United

Kingdom).

**100TB Fails to Respond to Xat's Emails Requesting Information Regarding Jurisdiction**

16.     Upon learning that 100TB's principal place of business may be in the

United Kingdom, Xat's counsel emailed 100TB's counsel requesting information

about 100TB's place of business.  *See* 10/23/18 Email from D. Mortensen to D.

McMillan, Ex. O.  In that email, Xat asked:

> In preparation for the upcoming mediation, I write to clarify a couple of issues:
>
> First, I understand that 100TB's management team, including the CEO, Directors and in-house lawyers are in the UK. If my understanding is incorrect, please let me know immediately. Otherwise, please confirm that 100TB's principal place of business is in the UK.
>
> Second, in your June 27, 2018 email, you stated that your client has offices in London and Bristol. What offices are you referring to? Who do you consider to be your client?

*See id.*

17.     100TB has not responded to that email.

18.     Accordingly, on October 30, 2018, Xat's counsel sent another email

to 100TB requesting information about whether 100TB believed the parties were in

the appropriate forum, stating:

> Our client has requested that we ask you what 100TB meant in its Opposition to Xat's Motion for Leave for Plaintiff Xat.com Limited's Client Representative to Appear at Mediation via Videoconference (Dkt. No. 57) when it stated, "Mr. Hart, however, chose this forum . . . ." Does 100TB believe that Mr. Hart could have filed in a different forum?

*See* 10/30/18 Email from J. Bledsoe to D. McMillan, Ex. P.

19.    100TB has not responded to that email, either.

## ARGUMENT

**I.    A DETERMINATION OF WHETHER XAT AND 100TB ARE DIVERSE UNDER 28 U.S.C. § 1332 IS NECESSARY TO ENSURE THIS LITIGATION IS PROPERLY BEFORE THIS COURT.**

As the Court is well aware, "[s]ubject-matter jurisdiction involves a court's authority to hear a given type of case and may not be waived." *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). That jurisdiction is determined as of the time the complaint is filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004). However, "[s]ubject-matter jurisdiction may be raised at any time, and indeed must be raised by any reviewing court." *See Rucker v. Lew*, No. 2:13-CV-00944-DBP, 2015 WL 5026913, at *2 (D. Utah Aug. 25, 2015) (unpublished). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Importantly, "[t]o establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the

parties and that the amount in controversy exceeds $75,000." *Id.* at 1225.  In cases involving foreign entities, it is well-established that Federal courts have "diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but . . . do not have diversity jurisdiction over cases between aliens." *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  "More specifically, 'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'" *Id.* (quoting *Universal Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000)).

Here, Xat has recently become concerned that the Court may not have diversity jurisdiction over this case and, accordingly, requests that the Court determine whether it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 before the case proceeds any further.

### A. Both Xat and 100TB Appear to Be Foreign Parties.

As the Court is aware, corporations are citizens of the place where they are incorporated and their principal place of business.  *See* 28 U.S.C. § 1332(c); *V-1 Oil Co. v. CC & T, Inc.*, 658 F. Supp. 886, 888 (D. Utah 1987).  While the place of incorporation is typically easy to determine, the principal place of business requires a consideration of the corporation's operations.  Specifically, the U.S.

Supreme Court instructs that "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.,* its 'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).  Importantly, "[a] corporation's 'nerve center,' . . . is a single place." *Id.* at 93.  Thus, in practice, the "nerve center" should "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion." *Id.*

Here, it is clear that Xat is incorporated in and has its principal place of business in the United Kingdom.  *See* Complaint at ¶ 1.  Its president and officers reside in and oversee the daily operations in the United Kingdom.  *See Printout from* https://beta.companieshouse.gov.uk/company/03615226, Ex. Q.  Thus, Xat is a citizen of the United Kingdom for diversity purposes.

100TB's citizenship is not as clear.  While it appears to be incorporated in Delaware, 100TB's principal place of business is more problematic.  Based on its public filings, it appears 100TB's "nerve center" is in the United Kingdom rather than Utah.  Indeed, when Xat filed its complaint, 100TB's president (Mr. Morris)

and vice president and treasurer (Mr. Kilgour) appear to have been overseeing 100TB's daily operations from the United Kingdom.  In his LinkedIn profile, Mr. Morris claimed that he joined UK2 Group in 2012 and during his time at UK2 Group he was "[r]esponsible for day to day running of the business -- managing sales, marketing, customer service, development and technical operations teams in Logan (Utah), London and Lviv (Ukraine)."  *See* Morris LinkedIn profile, Ex. D; April 18, 2017 email exchange between John Morris and Chris Hart, Ex. E.  He also claimed that he helped the business undertake "a massive transformation agenda . . ., seeing rapid growth in the 100TB Brand."  *See* Morris LinkedIn profile, Ex. D.  Similarly, it appears that 100TB's General Counsel was also located in the United Kingdom.  Given these facts, it appears that, when the Complaint was filed, 100TB's nerve center was in the United Kingdom, not Utah.

Beyond that, 100TB recently informed Xat that Mr. Morris and Mr. Foster will be traveling from the United Kingdom to attend the Court-ordered mediation in December and that they have full authority to settle Xat's claims.  As set forth above, Mr. Morris and Mr. Foster both live in the United Kingdom and, given their settlement authority, appear to be directing and controlling 100TB from the United Kingdom.

Ultimately, Xat is concerned that when the Complaint was filed, 100TB was a Delaware corporation with its principal place of business in the United Kingdom. If that were the case, both Xat and 100TB would be foreign citizens, and this Court would lack subject-matter jurisdiction. *See also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) ("Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants."). As the Court is undoubtedly aware, this Court has demonstrated a willingness to address this issue *sua sponte* even after the District Court reaches a decision on the merits. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013–14 (10th Cir. 2018), *as revised* (Apr. 13, 2018). Accordingly, Xat asks that the Court determine whether it has jurisdiction before this litigation proceeds any further. To that end, Xat asks that the Court order 100TB to

1. Identify its officers and directors as of the date when the Complaint was filed; and

2. Provide evidence, including declarations under oath, regarding who oversaw the daily business operations and what role each person played when the Complaint was filed.

Given that this Court may not have jurisdiction, Xat requests that the Court determine its jurisdiction before this litigation proceeds any further.

## CONCLUSION

For the foregoing reasons, Xat respectfully requests that, before this litigation proceeds any further, the Court order 100TB to provide information about its officers, directors and daily operations sufficient for the Court to make a determination regarding whether the parties are diverse under 28 U.S.C. § 1332(a) and whether this Court has subject-matter jurisdiction.

DATED: November 9, 2018

                                              STOEL RIVES LLP

                                              /s/ *Jordan C. Bledsoe*
                                              David L. Mortensen
                                              Jordan C. Bledsoe

                                              *Attorneys for Plaintiff Xat.com Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I caused a true and correct copy of the foregoing to be served by CM/ECF on the following:

Patricia W. Christensen
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
pchristensen@parrbrown.com

David M. McMillan
Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street
Denver, Co 80202
dmcmillan@bakerlaw.com
pkarlsgodt@bakerlaw.com

/s/ *Robin Noss*