Paul G. Karlsgodt (*pro hac vice*)
BAKER & HOSTETLER LLP (CO)
1801 California Street
Denver, CO 80202
Telephone: (303) 764-4032
pkarlsgodt@bakerlaw.com

David M. McMillan (*pro hac vice*)
BAKER & HOSTETLER LLP (NY)
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 847-2838
dmcmillan@bakerlaw.com

Patricia W. Christensen (0645)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 257-7908
pchristensen@parrbrown.com

*Attorneys for Defendant Hosting
Services, Inc. a/k/a 100TB.com*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| XAT.COM LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>HOSTING SERVICES, INC. A/K/A 100TB.COM,<br><br>    Defendant. | **DEFENDANT'S SHORT FORM MOTION TO COMPEL PLAINTIFF'S CORPORATE REPRESENTATIVE TO APPEAR FOR A DEPOSITION IN UTAH**<br><br>**Expedited Treatment Requested**<br><br>Case No. 1:16-cv-00092<br>Honorable Paul M. Warner |

100TB respectfully requests an order compelling Xat's corporate representative, Chris Hart, to appear in Utah for Xat's 30(b)(6) deposition within thirty days.[1]

100TB served Xat with a Rule 30(b)(6) deposition notice designating Salt Lake City as the place of examination.  *See* Declaration of David. M. McMillan at ¶¶ 6, 19, Exs. A and E ("Decl.").  Mr. Hart refuses to appear for the deposition in Utah unless it occurs around the date of the Settlement Conference, otherwise insisting it occur in the U.K.  *Id.* ¶¶ 12, 17, 18, 22, Exs. D, F.  But the Settlement Conference was cancelled because of Xat's tactical filing of a "Motion for Determination of Subject-Matter Jurisdiction[,]" *see* ECF No. 90; Decl. ¶¶ 20-22, and is unlikely to be rescheduled for months, if ever.[2]  With trial scheduled for April 2019, the parties cannot afford further delay to complete this necessary discovery.  And the Rules require Mr. Hart to sit for the deposition in this forum.

100TB, as the noticing party, has the right to choose the deposition location, and Xat has not moved for a protective order.  *See O'Neil v. Burton Grp.*, No. 2:09-CV-862 DBP, 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012) (unpublished); FED. R. CIV. P. 37(d)(2).[3]  Here, Salt Lake City is the most logical, convenient, and economical place for all involved.  It will cost far less for Mr. Hart to travel to Utah than for four attorneys (two for each party), a court reporter and videographer to travel to the U.K.  Mr. Hart previously planned to travel to Utah for the

---

[1] 100TB also requests extended briefing pursuant to DUCivR 37-1(a)(8), should the Court deem it appropriate.
[2] In his order cancelling the Settlement Conference (ECF No. 90), Magistrate Judge Pead stated that if necessary he will coordinate a new date for the Settlement Conference after the Court rules on Xat's motion.  Xat's motion, however, is unlikely to be decided for some time because briefing will not be complete until December 21, 2018 at the earliest.  Further, the Settlement Conference may very soon become moot because trial is scheduled for April 3, 2019.
[3] 100TB also reserves the right to move for sanctions at the appropriate time.

Settlement Conference and deposition and therefore cannot claim that travel costs are prohibitive. *See* Decl. ¶ 18, Ex. D; *see also* Decl. ¶¶ 23-24, Exs. G, H. Mr. Hart apparently believes that traveling to Utah solely for the deposition is simply 'not worth it.'

As the case-initiating party, Mr. Hart must "bear the consequences caused by litigation, which include some burdens and inconveniences." *Wagner v. Apisson*, No. 2:13-CV-937 (PMW), 2014 WL 5439592, at *2 (D. Utah Oct. 24, 2014) (unpublished). Mr. Hart freely elected to do business with 100TB pursuant to a Master Service Agreement ("MSA") which unequivocally designated Utah as the locus of the parties' relationship and required that any lawsuits arising from the MSA be brought in Utah. *See* ECF No. 41-14, Ex. B ¶ 17.c. Mr. Hart thus understood that should he wish to sue 100TB, physical appearances in Utah would be required. *See, e.g.*, *Shames v. Celebrity Cruises, Inc.*, No. 09-23468-CIV, 2010 WL 2867964, at *1 (S.D. Fla. Apr. 21, 2010) (unpublished).

While Xat's principal place of business may be in the U.K., courts routinely require representatives of foreign corporations to appear for depositions in the forum. *See, e.g.*, *Radian Asset Assur., Inc. v. Coll. of Christian Bros. of New Mexico*, No. CIV 09-0885 JB/DJS, 2010 WL 5150718, at *6 (D.N.M. Nov. 3, 2010) (unpublished); *Water Quality Ins. Syndicate v. First Bank of Nigeria PLC*, No. CV 09-3751, 2011 WL 13202906, at *4 (E.D. La. May 5, 2011) (unpublished). If 100TB must travel to the U.K. to depose Mr. Hart, however, the Court should order Xat to pay 100TB's travel and accommodations costs.

## **CERTIFICATION**

100TB certifies that it has made reasonable efforts to resolve the matters herein without Court intervention.  Respective counsel conferred by phone on August 21, 2018 at 4:00 pm MDT and September 6, 2018 at 3:00 pm MDT, during which David McMillan and Paul Karlsgodt attended on behalf of 100TB, and Jordan Bledsoe and David Mortensen attended on behalf of Xat.  The parties also exchanged several emails.  *See* Decl. Exs. B, C, D, F.

DATED:  November 21, 2018

BAKER & HOSTETLER LLP (NY)


By:     /s/  *David McMillan*


*Attorneys for Defendant Hosting Services, Inc., a/k/a 100TB.com*

**CERTIFICATE SERVICE**

I hereby certify that on the 21st day of November 2018, I caused a true and correct copy of the foregoing **SHORT FORM MOTION TO COMPEL PLAINTIFF'S CORPORATE REPRESENTATIVE TO APPEAR FOR A DEPOSITION IN UTAH** to be served by CM/ECF on the following:

David L. Mortensen (#8242)
David.Mortensen@stoel.com
Jordan C. Bledsoe (#15545)
Jordan.Bledsoe@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff Xat.com Limited*

*/s/ David McMillan*