David L. Mortensen (#8242)
David.Mortensen@stoel.com
Jordan C. Bledsoe (#15545)
Jordan.Bledsoe@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff Xat.com Limited*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XAT.COM LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>HOSTING SERVICES, INC. A/K/A 100TB.COM,<br><br>    Defendant. | **XAT.COM'S OPPOSITION TO DEFENDANT'S SHORT FORM MOTION TO COMPEL PLAINTIFF'S REPRESENTATIVE TO APPEAR FOR A DEPOSITION IN UTAH**<br><br>Case No. 1:16-cv-00092<br><br>Chief Magistrate Judge Paul M. Warner<br><br>(TELEPHONIC HEARING REQUESTED) |

100TB's Motion should be denied for three reasons.

*First*, the parties never met and conferred about the issue raised in the motion. On August 21, the parties' counsel discussed deposition dates for Xat's 30(b)(6) witness. Xat's counsel requested that the deposition be scheduled around the date of the settlement conference to save time and expense or, if the deposition could not be scheduled around the settlement conference, the deposition take place in the United Kingdom. 100TB did not object.

The Court scheduled the settlement conference for December 6. Afterwards, 100TB's counsel suggested a call to discuss, *inter alia*, deposition dates for Xat's 30(b)(6) witness. On the call, Xat's counsel stated that Xat's witness would attend a deposition in Utah the day before or after the settlement conference, but only if the settlement conference was not rescheduled. Again, 100TB did not object.

On November 9, Xat filed a motion for determination of subject-matter jurisdiction. In response, the Court cancelled the settlement conference.

Accordingly, on November 14, Xat's counsel emailed 100TB's counsel stating that—pursuant to the parties' agreement—Xat would not be moving forward with the deposition, but that Xat's 30(b)(6) witness was available to be deposed in Utah in connection with any rescheduled settlement conference or, alternatively, in the United Kingdom. *See* 11/14/18 Email, Ex. A.

100TB never responded or met and conferred about scheduling Xat's 30(b)(6) deposition. In fact, the parties' counsel met and conferred on November 19 about other discovery issues but did not discuss the 30(b)(6) deposition. Instead, 100TB filed this Motion without any notice.

100TB's failure to meet and confer is fatal to its Motion. *Nunes v. Rushton*, No. 2:14-CV-627, 2015 WL 4921292, at *2 (D. Utah Aug. 18, 2015) (unpublished); *Clincy v. Transunion Corp.*, No. 2:14-CV-00398, 2015 WL 3490814, at *2 (D. Utah June 2, 2015) (unpublished); *B & D Dental v. KOD Co.*, No. 2:13-CV-00236-TS-DBP, 2015 WL 461530, at *2 (D. Utah Feb. 3, 2015) (unpublished).

*Second*, pending before the Court is Xat's motion for a determination of subject-matter jurisdiction. As set forth therein, Xat recently discovered information suggesting that 100TB's principal place of business is the United Kingdom, meaning the parties may not be diverse and the Court may lack subject-matter jurisdiction over this dispute. The Court should resolve this jurisdictional issue before addressing this Motion.

*Third*, considering Xat was forced to litigate this case in Utah, and to save time and expense for all parties, Xat should be permitted to coordinate with 100TB to schedule its 30(b)(6) deposition in Utah in connection with the rescheduled

settlement conference or other Court appearance or during the same trip that 100TB's United Kingdom witnesses are deposed. *See, e.g.*, *Ellis Air Lines v. Bellanca Aircraft Corp*, 17 F.R.D. 395, 396 (D. Del. 1955); *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 593 (S.D.N.Y. 1994). Indeed, it would be more economical for the parties to complete the United Kingdom depositions, including Xat's 30(b)(6) deposition, at one time. 100TB's motion should be denied on that basis alone.

## REQUEST FOR ADDITIONAL BRIEFING

To the extent the Court is inclined to rule on the Motion without requiring the parties to meet and confer or before a ruling on the pending jurisdictional motion issues, Xat requests additional briefing on whether Xat's witness should be required to be deposed in Utah.[1]

DATED: November 29, 2018.

                STOEL RIVES LLP

                /s/ *Jordan C. Bledsoe*
                David L. Mortensen
                Jordan C. Bledsoe

---

[1] Xat objects to 100TB's use of a declaration in support of its Motion to make additional arguments and circumvent DUCivR 37-1's word limit.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2018, I caused a true and correct copy of the foregoing to be served by CM/ECF and/or electronic mail to:

Patricia W. Christensen
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
pchristensen@parrbrown.com

David M. McMillan
Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street
Denver, Co 80202
dmcmillan@bakerlaw.com
pkarlsgodt@bakerlaw.com

/s/ *Robin Noss*